# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST,<br><br>          Plaintiff,<br><br>    v.<br><br>TERESA RUIBAL, an individual, and JACOB MCALESTER, an individual,<br><br>          Defendants. | Case No. CV 15-02543-GHK (JEM)<br><br>**JUDGMENT** |

      The Motion of Plaintiff, Trustees of the Operating Engineers Pension Trust ("Trustees"), for Default Judgment and for Discharge as a Stakeholder in the interpleader action presently pending before this Court and for reasonable attorneys' fees and costs was heard on July 7, 2015, at 10:00 a.m., before the Honorable John E. McDermott, United States Magistrate Judge.

      After full consideration of Plaintiff's Motion for Default Judgment and Discharge of Stakeholder and for Attorneys' Fees and Costs, and the authorities submitted by counsel,

      **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

      (1) The Complaint for Interpleader, filed by the Trustees in this action, is proper and the Complaint states an adequate case in interpleader.

(2) The Plaintiff's Motion for Default Judgment and for Discharge of Stakeholder and for Attorneys' Fees and Costs is GRANTED. Default Judgment is entered against Teresa Ruibal ("Ruibal"). The Trustees are awarded $9,360.00 for attorneys' fees and $729.25 for costs, which shall be deducted from the benefits awarded to the designated beneficiary.

(3) Johnnie R. McAlester ("McAlester") was a participant in the Operating Engineers Pension Trust ("Trust") from September 1978 until his death on January 25, 2014.

(4) The Designation of Beneficiary form, dated January 16, 2014, submitted to the Trust in May 2014 by Teresa Ruibal is invalid because it has been altered.

(5) The remaining benefits payable from the Trust on McAlester's account shall be paid to McAlester's designated beneficiary.

(6) Jacob McAlester ("Jacob") is deemed to be the sole designated beneficiary on McAlester's account with the Operating Engineers Pension Trust with respect to one hundred percent (100%) of the remaining monthly benefits payable on McAlester's account, subject to adjustments set out in paragraph 8 below.

(7) The Trust is awarded attorneys' fees of $9,360.00 and costs of $729.25, incurred by the Trust in bringing this interpleader action, and such fees and costs shall be deducted from the pension benefits payable on McAlester's account prior to the Trust making any payments directly to Jacob. From February 1, 2014, through July 31, 2015, the Trust withheld pension benefits in the amount of $12,194.00, payable on McAlester's account. The amount of $10,089.25 shall be deducted from the withheld pension benefits and retained by the Trust and applied to the Trust's attorneys' fees and costs. The balance of $2,104.75, from the withheld funds, shall be paid to the designated beneficiary.

(8) Beginning the first month after the Court enters Judgment and the amounts set forth in paragraph 7 herein above are paid, the Trust shall pay Jacob one hundred percent (100%) of each subsequent monthly pension benefit payable on McAlester's account with the Trust, subject to the Qualified Domestic Relations Order.

(9) If Jacob does not survive until the balance of such benefits has been paid in full, then any remaining benefits otherwise payable to Jacob shall be paid in accord with the rules of the Plan.

(10) The Trust shall pay nothing to Teresa Ruibal.

(11) The Trustees are hereby released, acquitted and discharged from all claims or liability to the defendants in this action, or any of them, except that the Trust shall be obligated to pay the monthly death benefit payments (and all amounts withheld to date), less the amounts set forth in Paragraph 7 above, to the person or persons found to be entitled by this Court.

(12) Each defendant shall be, and hereby is, restrained from instituting any action or actions against the Trustees, in any forum, relating to the benefits payable on Johnnie R. McAlester's account from the Operating Engineers Pension Trust, other than to enforce this Judgment.

(13) Jacob shall be responsible for any federal and state taxes due upon the amount awarded and/or paid to him pursuant to the Judgment or any order of the Court. It is acknowledged and agreed that the Trust's attorneys' fees and costs retained by the Trust pursuant to paragraph 7 above will be retained from benefits awarded to Jacob and which would otherwise have been paid to Jacob.

(14) This Order constitutes a final judgment under the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: 9/29/15

GEORGE H. KING
UNITED STATES DISTRICT JUDGE